ATTORNEY GENERAL, *ex rel.* BLANCK, *v.* HOWCROFT.

ELECTIONS—VALIDITY OF BALLOTS—DISTINGUISHING MARKS.
  Election ballots are not invalidated by distinguishing marks
    fraudulently placed upon them after they have been deposited
    in the ballot box.

*Quo warranto* by the Attorney General, on the relation of William Blanck, against George Howcroft, to determine the title to the office of supervisor of the township of Hamtramck. Issues of fact were tried in the Wayne circuit before Judge Carpenter, and the findings of the jury duly returned. Submitted October 23, 1895. Judgment of ouster entered November 7, 1895.

*Fred A. Maynard*, Attorney General (*Elbridge F. Bacon* and *John G. Hawley*, of counsel), for relator.

*T. E. Tarsney* and *W. W. Wicker*, for respondent.

Long, J. This action is brought to oust the respondent from the office of supervisor of the township of Hamtramck, in Wayne county. At the annual township meeting of that township held in April, 1895, the relator and respondent were candidates for the office of supervisor. The vote, as canvassed by the township board, gave the respondent 181 votes, and the relator 177. The respondent thereupon took the oath of office, and claims the right to hold the same.

The information was filed in this court, to which respondent answered, and an order was thereupon made on June 20th that the issues of fact raised by the pleadings would be set for trial in the Wayne circuit court. A jury was thereupon impaneled, and its findings have been returned into this court, as follows:

*"First question.* How many legal votes were cast in favor of said relator, William Blanck, for supervisor, in the township of Hamtramck, at the April election, 1895?

*"Answer.* 218.

*"Second question.* How many legal votes were cast in favor of said respondent, George Howcroft, for supervisor, in said township of Hamtramck, at the April election, 1895?

*"Answer.* 181.

*"Third question.* Did any of the ballots containing votes cast in favor of said relator, William Blanck, bear distinguishing marks,—that is to say, letters, initials, words, or marks so made thereon as to distinguish each of the same, respectively, from the other ballots cast at that election?

*"Answer.* Yes.

*"Fourth question.* If so, how many such ballots were cast, and of what did such distinguishing marks consist?

*"Answer.* 41; pencil marks.

*"Fifth question.* Were any letters, initials, words, or marks fraudulently placed on any of the ballots cast for relator after such ballots were deposited in the ballot box?

*"Answer.* Yes.

*"Sixth question.* If so, on how many of such ballots were such letters, initials, words, or marks so placed?

"*Answer*.   41.

"*Seventh question*.   Did any of the ballots containing votes cast in favor of said respondent, George Howcroft, bear distinguishing marks,—that is to say, letters, initials, words, or marks so made thereon as to distinguish each of the same, respectively, from the other ballots cast at that election?

"*Answer*.   No.

"*Eighth question*.   If so, how many such ballots were cast, and of what did such distinguishing marks consist?

"*Answer*.   None."

It is the claim of the relator that, when these 41 ballots were cast, none of these distinguishing marks were on them, but that they were placed on the ballots after they were cast, and after the ballot box was opened; and we think this, in effect, is the finding of the jury. The township board threw them out, and thus found the whole number of votes cast to be 358, giving the respondent 181, and the relator only 177, while the whole number of votes cast by the finding of the jury in this proceeding is 399, of which relator had 218 and the respondent only 181; and the jury also find that there were 41 ballots bearing distinguishing marks, and that all of such marks were fraudulently placed on the ballots after such ballots were deposited in the box. The return of the jury settles conclusively that the relator was elected by a majority vote of all the electors voting on this question, and a judgment of ouster must be entered.

The other Justices concurred.